IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 20, 2007

## STATE OF TENNESSEE v. DODRICK LOSAME HOUSTON

**Direct Appeal from the Criminal Court for Davidson County**
**Nos. 2006-I-19, 2006-I-187     Mark J. Fishburn, Judge**

_____

**No. M2006-00889-CCA-R3-CD - Filed March 20, 2007**

_____

The defendant, Dodrick Losame Houston, pled guilty to burglary and violating the motor vehicle habitual offender law, Class D and E felonies respectively. He was sentenced as a Range I, standard offender to two years for the former and one year for the latter, with the sentences to be served consecutively, for an effective sentence of three years. On appeal, he argues that the trial court erred by denying probation. Following our review, we affirm the sentences ordered by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Jeffrey A. DeVasher, Assistant Public Defender (on appeal), and Jonathan Levy, Assistant Public Defender (at trial), for the appellant, Dodrick Losame Houston.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

At his February 9, 2006, submission hearing for the burglary charge, the defendant agreed to a two-year sentence in exchange for his guilty plea, and the State set out the underlying proof:

> [The] proof in this case would show that on November 18th of [2005], officers responded to a burglary alarm at Main Street Market in Davidson County. When they arrived, the owner came out yelling, "[S]omeone's inside there, hurry." The officer went inside and found the defendant laying [sic] on the floor beside the counter. There was a hole in the ceiling and a rope in the hole, which the defendant

had entered the building with. He was bleeding from the head and he said the business owner hit him with a stick on the head and leg. The owner said he only hit him because he was afraid of him. The defendant had (unintelligible) up some cigarettes and other items on a string in order to get them out through the hole.

Similarly, at his March 17, 2006, submission hearing, the defendant agreed to a consecutive one-year sentence for the motor vehicle habitual offender offense, and the State offered the following factual basis:

[O]n September 15 of 2005, the defendant was driving a [Chevrolet] Beretta with no license plate or temporary tag. A traffic stop was initiated, and he presented a Tennessee ID only card. When the officer checked the status, it revealed that the defendant was a revoked habitual motor vehicle offender. He was taken into custody at that time . . . .

Also on March 17, 2006, the trial court held a sentencing hearing to determine the manner in which the defendant would serve his sentences. At the hearing, Amy Ritenaw, an evangelist and president of Moral Ministries, Inc., testified that the defendant had moved to Nashville from Memphis in August 2005 because he had a "hard time" in Memphis and wanted to "start over." She said that she had been in daily contact with the defendant, and, at one point, he had been able to buy a car and take the G.E.D. test. He obtained a job, but "the job ended," and "when these inciden[ts] happened he was homeless." The defendant had lived with her intermittently for more than a week, and if he were released on probation, she "could help him locate a place to stay" and another individual was prepared to "help him find a good place to work." On cross-examination, Ritenaw acknowledged that she did not know that the defendant had eight prior felony convictions in Shelby County.

The defendant testified that he was not proud of his criminal record, that the community he came from in Shelby County "was a bad environment," and that he had "started using drugs at an early age." He stated that his previous convictions for theft, burglary, and robbery were the result of his "high drug habit." He admitted that he had an outstanding burglary warrant in Shelby County, that he committed the present offenses while on probation for a felony conviction, and that he had been convicted of seven other felonies for which he had served sentences of confinement. Lastly, the defendant acknowledged that he was receiving a "good deal" because, with his record, he could have been sentenced to eight to twelve years for the burglary conviction alone.

After hearing argument, the trial court denied probation and ordered that his sentences be served in confinement. The defendant appealed.

## ANALYSIS

On appeal, the defendant argues that the trial court erred by ordering that his sentences be served in confinement. Specifically, "[h]e contends that the trial court should have placed him on immediate probation, or, alternatively, probation following a period of confinement."

When reviewing the denial of probation, this court conducts a *de novo* review on the record, "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2005). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Additionally, if appellate

> review "reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result."

State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000) (quoting State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991)). As it is apparent from our review of the record on appeal that the trial court considered appropriate principles of sentencing, the arguments of counsel, and evidence presented at the defendant's sentencing hearing before imposing a lawful sentence, the presumption that the determinations made by the trial court are correct applies in the present case.

A defendant shall be eligible for probation, subject to certain exceptions, "if the sentence actually imposed upon such defendant is ten (10) years or less." Tenn. Code Ann. § 40-35-303(a) (2005). Even if eligible however, the defendant is not automatically entitled to probation as a matter of law; "the burden of establishing suitability for probation rests with the defendant." Tenn. Code Ann. § 40-35-303(b) (2005); State v. Summers, 159 S.W.3d 586, 599 (Tenn. Crim. App. 2004) (citing Ashby, 823 S.W.2d at 169).

There is no bright line rule for determining when a defendant should be granted probation. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995), overruled on other grounds by Hooper, 29 S.W.3d at 9-10. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); see also Tenn. Code Ann. § 40-35-103(1)(A) (2005). Also relevant is whether a sentence of probation would unduly depreciate the seriousness of the offense, see Tenn. Code Ann. § 40-35-103(1)(B) (2005); State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997), and whether "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C) (2005).

In the present case, after considering the general principles of sentencing, the trial court found two enhancement factors applicable: (1) the defendant "has a previous history of criminal convictions or criminal behavior"; and (2) the defendant was on supervised release in the community when he committed the offenses at issue. See Tenn. Code Ann. § 40-35-114(1), (13). The court also ruled that one mitigating factor applied – the "criminal conduct neither caused nor threatened serious bodily injury." See Tenn. Code Ann. § 40-35-113(1).

Additionally, the court stated:

> The biggest problem that the Court has, in addition to his lengthy record, is that even if I accept, and I will accept, that [the defendant] wants to change his life, and for a period of time when he was working with Reverend Ritenaw it may have been going in that direction, but as soon as the first slip occurs, i.e., he is unemployed and he doesn't have a place to live, he then jumps back in his old habits and those old habits, unfortunately, is to steal from other people.

Ultimately, the court ruled that the defendant had failed to demonstrate that he was able to successfully complete an alternative sentence – stating that he had not shown that he would be in a structured environment, how he would be employed, where he would live, or in what way he would "address his treatment needs."

The defendant argues the court's ruling was error because in addition to being eligible for probation, under Tennessee Code Annotated section 40-35-102(6), "he is considered a favorable candidate for alternative sentencing options in the absence of evidence to the contrary, having been convicted of" Class D and E felonies. We disagree. In Hooper, our supreme court instructed that Tennessee Code Annotated section 40-35-103(1) provides "[g]uidance as to what may constitute 'evidence to the contrary'– or evidence that the defendant is a member of the population for whom incarceration is a priority." Hooper, 29 S.W.3d at 5. The statute provides:

> (1) Sentences involving confinement should be based on the following considerations:
>
> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; *or*
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1) (2005) (emphasis added). Contrary to the defendant's assertions, he is not a favorable candidate for alternative sentencing because, based on his record, he has a long history of criminal conduct, <u>see</u> Tenn. Code Ann. § 40-35-103(1)(A) (2005), and because he was on probation when he committed the immediate offenses, measures less restrictive than confinement have recently been applied unsuccessfully to the defendant. <u>See</u> Tenn. Code Ann. § 40-35-103(1)(C) (2005); <u>see also</u> <u>Hooper</u>, 29 S.W.3d at 5.

The defendant also argues that because all three of the considerations listed in Tennessee Code Annotated section 40-35-103(1) are not applicable, he should have been granted a probationary sentence. This argument is without merit: it is clear from the statute that a sentence of confinement may be based on any one of the three factors alone. <u>See</u> Tenn. Code Ann. § 40-35-103(1)(A)-(C) (2005).

## <u>CONCLUSION</u>

Based on the foregoing authorities and reasoning, we affirm the sentences ordered by the trial court.

_____
ALAN E. GLENN, JUDGE